**Susan RIBERIO, Plaintiff,**

v.

**MACY'S RETAIL HOLDINGS, INC., Defendant.**

**Civil Action No. 1:14–CV–3959–AT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed Sept. 23, 2015.

Adam S. Jaffe, Atlanta Trial Lawyers Group at Jaffe, Law Center, LLC, Savannah Nicole Steele, Atlanta Trial Lawyers Group, Atlanta, GA, James Moir Grant, Mark Alvin Kirchen, Georgia Trial Attorneys at Kirchen & Grant, LLC, Norcross, GA, for Plaintiff.

Lisa R. Richardson, Stevan Anthony Miller, Vivian B. Fisher, Drew Eckl & Farnham, Atlanta, GA, for Defendant.

### *ORDER*

AMY TOTENBERG, District Judge.

This matter is before the Court on a discovery dispute involving medical records from 30 doctor visits spanning more than five years starting in 2007. The parties emailed the Court their 17–page Consolidated Position Statement Regarding Discovery Dispute. There are three categories of disputes that

affect over 100 requests for admission. The dispute categories signify three types of requests posed by Defendant:

1. Admit that the attached are true and accurate copies of Plaintiffs medical records from doctor visit;

2. Admit that Plaintiff had certain symptoms or complaints on each doctor visit; and

3. Admit that Plaintiff received particular diagnoses and treatments on each doctor visit.

Plaintiffs disputed answers are all the same: "Insufficient information to admit or deny." Defendant requests that the Court deem all so-answered requests for admission be declared insufficient and therefore admitted.

■ The Court agrees that they are insufficient. Rule 36(a)(4) provides that a party answering a request for admission "may assert lack of knowledge or information as a reason for failing to admit or deny *only if* the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed.R.Civ.P. 36(a)(4) (emphasis added). Under the plain language of the rule, Plaintiff's answers are inadequate. They assert only "insufficient information to admit or deny" and do not also state the Plaintiff has made a reasonable inquiry and that the information Plaintiff knows or can readily obtain are insufficient to enable Plaintiff to admit or deny. While this exercise may appear overly formulaic and dogmatic, they are not called rules for nothing.

■ However, the Court declines to deem all so-answered requests for admission as admitted by Plaintiff. To start, the Court has not seen requests for admission used in quite this manner and questions the propriety thereof. As to the first category of requests, the Court notes that Plaintiff cannot admit or deny that the documents are true and accurate copies of her medical records when the documents are not her documents. On this issue, Defendant is free to obtain certified copies of any potentially disputed medical records.

As to the second and third categories of requests, the Court finds persuasive Plaintiffs argument that she has no notes or other method upon which she could rely to specify what ailment or diagnosis correlates to which specific visit at this late date. Defendant had the opportunity to depose Plaintiff using these documents, and she responded at that time presumably to the best of her ability. It is not reasonable for the Court to proceed based on the premise that she should be able to recall the specific details of each of her 30 visits to medical practitioners over a five year period starting 8 years ago back in 2007.

Accordingly, the Court will not deem the contested requests for admission admitted. It does, however, **DIRECT** Plaintiff to supplement her answers where they fail to meet the requirements of Rule 36.